IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LUKOIL NORTH AMERICA LLC,      )
)
         Plaintiff,      )
)      Civil Action No. _____
     v.      )
)      Jury Trial Demanded
JJMC REALTY LLC,      )
)
         Defendant.      )
_____ )

## COMPLAINT

Plaintiff LUKOIL North America LLC ("LNA"), for its complaint against

Defendant JJMC Realty LLC ("JJMC"), alleges as follows:

## NATURE OF THE ACTION

1.       This is an action for infringement and unfair competition under Sections

32(1) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114(1)

and 1125(a), and for substantial and related claims of unfair competition and dilution

under the statutory and common law of Rhode Island.  This action arises out of JJMC's

knowing and intentional copying and mimicry of the registered LUKOIL® trade dress

used in connection with the promotion and sale of retail gas station services at 335

Providence Street, Warwick, Rhode Island 02886 (hereinafter the "Infringing Service

Station").

## PARTIES

2.     LNA is a Delaware limited liability company having its principal place of business located at 505 Fifth Ave., 9th Floor, New York, New York 10017.

3.     On information and belief, JJMC is a Rhode Island limited liability company located at 523 Taunton Avenue, Seekonk, Massachusetts.  JJMC owns and operates a business at 335 Providence Street, Warwick, Rhode Island 02886.

## JURISDICTION AND VENUE

4.     This is an action for trademark infringement and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and for related claims of common law unfair competition under Rhode Island law.  This Court has jurisdiction over the Section 43(a) claims pursuant to the provisions of Section 39(a) of the Lanham Act, 15 U.S.C.  § 1121.  This Court has jurisdiction over the common law claim for unfair competition brought herein under the provisions of 28 U.S.C. § 1338(b) because that claim is joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.*

5.     This Court has personal jurisdiction over JJMC because JJMC has committed tortious acts within this judicial district, has transacted business within this judicial district, and has otherwise made or established contacts within this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over it.

6.     Venue is proper within this Court pursuant to 28 U.S.C. § 1391(a) and (b) because JJMC resides in this judicial district, is subject to personal jurisdiction within this judicial district and a substantial part of the events and injury giving rise to LNA's claims is occurring within this judicial district.

## LNA'S INTELLECTUAL PROPERY RIGHTS

7.      LNA markets LUKOIL®-branded motor fuels, lubricants and related products and services through a network of LUKOIL®-branded service stations.

8.      The first LUKOIL®-branded service station in the United States opened at least as early as September 2003.

9.      Today, there are approximately 300 LUKOIL®-branded service stations serving customers in the United States.

10.     For more than thirteen years, and since long prior to the acts of JJMC complained of herein, LNA and its licensees have been engaged in marketing, distributing, offering for sale and selling retail gas station services.  LNA has invested an enormous amount of time, money and other resources to market and maintain its highly regarded image, and has taken great care to control the quality of the goods and services sold under the LUKOIL® brand.  As a result of LNA's longstanding and continuous use of LUKOIL® trademarks and trade dress (the "LUKOIL® Marks"), LNA enjoys a reputation as a leading provider of retail gas station services.

11.     LNA's parent company owns numerous registrations on the Principal Register of the United States Patent and Trademark Office for its LUKOIL® Marks, eight of which are incontestable by operation of law.  A list of exemplar of registrations for the LUKOIL® Marks is attached hereto as Exhibit A.  LNA, as a 100% owned subsidiary of its parent company, has by agreement with its parent the exclusive rights in the United States to use or license the LUKOIL® Marks.

12.     LNA and its licensees in the United States market, distribute, offer for sale and sell retail gas station services in connection with the LUKOIL® trade dress as depicted below:



13.     The trade dress that is the subject of U.S. Trademark Registration No.

4,036,862 (the "'862 Registration"), owned by Lukoil, is comprised of the following

distinctive elements: the prominent use of the color white in background and the color red

in accent on a retail gas station consisting of a convenience mart, service bays, and a

filling pump refueling area for motor vehicle traffic; the K-shaped canopy frieze with

three sergeant stripes above the filling pump refueling area with an indented K-channel of

the canopy frieze in red and a rising gold bar in the channel.  These elements create a

distinctive trade dress exclusively associated with LNA when used in connection with the

promotion and sale of retail gas station goods and services.

### JJMC'S UNLAWFUL ACTIVITIES

14.     JJMC owns and operates the Infringing Service Station.

15.     LNA discovered that JJMC has been using, and continues to use, the

registered LUKOIL® trade dress to market and sale retail gas station services.  A true

depiction of JJMC's infringing use (the "Infringing Trade Dress") is attached hereto as

Exhibit B. The Infringing Trade Dress features simulations, confusingly similar variations, or colorable imitations of the LUKOIL® trade dress.

16.     Because of the obvious similarities between the LUKOIL® trade dress and trade dress employed by JJMC at the Infringing Service Station, members of the public are likely to be confused as to the origin, sponsorship, or affiliation of the goods and services offered at the Infringing Service Station.  Specifically, consumers will mistakenly believe that the goods and services offered for sale and sold at the Infringing Service Station are derived from, sponsored by, or affiliated with LNA.

17.     In addition, JJMC's use of the Infringing Trade Dress is likely to dilute the distinctiveness of the LUKOIL® trade dress, blurring the association consumers have with the high quality goods and services offered and sold by LNA with those offered and sold by JJMC.

18.     Accordingly, on December 3, 2015, LNA sent a letter to the Infringing Service Station regarding the unlawful use of the LUKOIL® brand.

19.     A representative of the Infringing Service Station acknowledged receipt of LNA's letter of December 3, 2015, but refused to cease use of the LUKOIL®-branded materials from the Infringing Service Station.

20.     On January 13, 2016, LNA sent a second letter to the Infringing Service Station seeking compliance with its demands.

21.     LNA received no response to the letter of January 13, 2016.

22.     On February 12, 2016, LNA sent a third letter to JJMC as to LNA's exclusive rights to the LUKOIL® trademarks.

23.     LNA received no response to the letter of February 12, 2016.

24.   JJMC has thus left LNA no choice but to bring this dispute to this Court in order to protect the integrity of the LUKOIL® brand.

25.   JJMC adopted, commenced use of, and is using, and planning to continue to use, the Infringing Trade Dress with the intent and purpose of trading on LNA's goodwill in its LUKOIL® brand and to reap the benefits of the effort and investment of LNA.

26.   JJMC has engaged and continues to engage in deliberate and willful infringement designed to confuse consumers as to the source of the Infringing Products and trade upon LNA's valuable intellectual property.

27.   In addition, JJMC's adoption of the Infringing Trade Dress is likely to dilute the distinctiveness of the LUKOIL® brand.  The use of the Infringing Trade Dress will over time blur the distinctiveness of the LUKOIL® trade dress.

## Count I

### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114 (§ 32 of the Lanham Act)

28.   LNA repeats and realleges the contents of Paragraphs 1-27 as though fully set forth herein.

29.   JJMC's use in commerce of a colorable imitation of the federally registered trade dress in connection with the promotion, offering for sale, sale and distribution of retail gas station services and other related goods and services is likely to cause confusion, or to cause mistake or deceive customers, potential customers, and/or other members of the public.

30.   Such acts constitute infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31.    The aforesaid acts of JJMC have injured LNA in an amount to be determined at trial.

32.    The aforesaid acts of JJMC have also caused irreparable harm to LNA and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to LNA, for which LNA has no adequate remedy at law.

## Count II

### FEDERAL UNFAIR COMPETITON
### 15 U.S.C. § 1125(a)(1)(A) (§ 43(a)(1)(A) of the Lanham Act)

33.    LNA repeats and realleges the contents of Paragraphs 1-32 as though fully set forth herein.

34.    JJMC's use in commerce of colorable imitations of LNA's registered trade dress is likely to cause confusion, or to cause mistake or deceive consumers and other members of the public as to the affiliation, connection, or association of those imitative designations with LNA or as to the origin, sponsorship or approval of JJMC's goods by LNA.

35.    Such acts constitute violations of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

36.    The aforesaid acts of JJMC have injured LNA in an amount to be determined at trial.

37.    The aforesaid acts of JJMC have also caused and, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to LNA, for which LNA has no adequate remedy at law.

## Count III

## COMMON LAW UNFAIR COMPETITION

38.     LNA repeats and realleges the contents of Paragraphs 1-37 as if fully set forth herein.

39.     JJMC has engaged in unfair competition with LNA in violation of the common law of Rhode Island, by advertising, promoting, offering and selling its products using colorable imitations of LNA's registered LUKOIL® trade dress, and by trading upon the goodwill established by LNA and thereby misappropriating the benefits of substantial effort and money expended by LNA in establishing its rights in its trademarks and trade dress and the goodwill and reputation of LNA.

40.     The aforesaid acts of JJMC have damaged LNA in an amount to be determined at trial.

41.     The aforesaid acts of JJMC have also caused LNA irreparable injury and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to LNA, for which LNA has no adequate remedy at law.

## Count IV

## INJURY TO BUSINESS REPUTATION
## (R.I. GEN. LAWS § 6-2-12)

42.     LNA repeats and realleges the contents of Paragraphs 1-41 as if fully set forth herein.

43.     LNA's LUKOIL® registered trade dress is inherently distinctive or has, as a result of long and exclusive use in connection with the sale of retail gas station goods and services, achieved distinctiveness.

44.     LNA's LUKOIL® registered trade dress achieved distinctiveness long

8

prior to JJMC's adoption of the Infringing Trade Dress.

45.     JJMC'S unauthorized use of the LUKOIL® trade dress in the State of Rhode Island is likely to injure the business reputation of LNA or dilute the distinctive quality of the LUKOIL® trade dress in violation of R.I. Gen. Laws § 6-2-12.

46.     Unless restrained, JJMC will continue using the confusingly similar Infringing Trade Dress to injure the business reputation of LNA or dilute the distinctive quality of the LUKOIL® trade dress, which will irreparably harm LNA.

47.     LNA has no adequate remedy at law, and is therefore entitled to a preliminary and permanent injunction restraining JJMC, its officers, agents, and employees, and all persons acting in concert with them, from continuing to dilute the LUKOIL® trade dress.

### PRAYER FOR RELIEF

WHEREFORE, LNA respectfully requests the following relief:

A.     Temporary, preliminary and permanent injunctions prohibiting JJMC, its officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the designations which have appeared on the Infringing Trade Dress, and from using any other colorable imitations of LUKOIL® trade dress or LUKOIL® trademarks in connection with the advertising, promoting, marketing, offering, selling or distribution of retail gas station goods and services in the United States;

B.     Ordering an accounting for all profits derived by JJMC and its affiliates

from the above described unlawful acts;

C.      Ordering that JJMC destroy all material bearing any of the LUKOIL® trade dress or LUKOIL® trademarks;

D.      An award of LNA's damages, including treble damages, costs and attorneys' fees for JJMC's acts of trademark infringement, pursuant to 15 U.S.C. §§ 1051, *et seq.*, particularly including 15 U.S.C. §§ 1114;

E.      An award for all remedies available under R. I. Gen. Laws. § 6-2-12.

F.      Treble damages as a result of JJMC's willful, wanton, and deliberate acts of infringement and unfair methods of competition and deceptive practices;

G.      An award of such monetary remedies in an amount sufficient to compensate LNA for losses it has sustained as a consequence of JJMC's unlawful acts, as well as the profits of JJMC attributable to such infringements and unfair competition; and

H.      All such other and further relief as this Court may deem just and proper.

## JURY DEMAND

LNA demands a trial by jury of all issues so triable.

Respectfully submitted,

LUKOIL North America LLC
By Its Attorneys,

/s/ Craig M. Scott
Craig M. Scott (# 4237)
**HINCKLEY, ALLEN & SNYDER LLP**
100 Westminster Street, Suite 1500
Providence, RI 02903-2319
Phone: (401) 274-2000
Fax (401) 277-9600
cscott@hinckleyallen.com

10

R. Terry Parker
(*pro hac vice* admission to be sought)
**HINCKLEY, ALLEN & SNYDER LLP**
28 State Street
Boston, MA 02109-1775
Phone (617) 345-9000
Fax (617) 345-902
rparker@hinckelyallen.com

DATED: April 15, 2016